# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

SHOEMAKER CORPORATION III, INC.,

    Plaintiff/Third-Party Defendant,

v.

M. JEROME GARRETT and JOSHUA S. FELLMAN,

    Defendants/Third-Party Plaintiffs,

and

DAVINCI MSP, INC. and GARRETT AND FELLMAN OPERATING, LLC,

    Third-Party Plaintiffs.

Case No. 4:19-cv-00145-JCG-CDL

[Denying Defendants' Motions in Limine and Granting Plaintiff's Motions]

Dated: May 20, 2026

Destyn D. Stanton and David R. Keesling, Solomon Arieh, of Tulsa, OK. Attorneys for Plaintiff/Third-Party Defendant Shoemaker Corporation III, Inc.

Michael J. King, Spencer C. Pittman, and Ted J. Nelson, Winters & King, Inc., of Tulsa, OK.  Attorneys for Defendants/Third-Party Plaintiffs M. Jerome Garrett, Joshua S. Fellman, and Third-Party Plaintiffs DaVinci MSP, Inc. and Garrett and Fellman Operating, LLC.

## OPINION AND ORDER

Before the Court are Defendants/Third-Party Plaintiffs' Motion in Limine

Case No. 4:19-cv-00145                                                    Page 2

and Supplemental Motion in Limine (collectively, "Motions in Limine") filed by

Defendants M. Jerome Garrett and Joshua S. Fellman, and Third-Party Plaintiffs

DaVinci MSP, Inc. and Fellman Operating, LLC (collectively, "the Garrett-

Fellman Parties" or "Defendants") and Plaintiff/Third-Party Defendant Shoemaker

Corporation III, Inc.'s ("Plaintiff" or "Shoemaker Corp.") Opposed Motion to File

Pretrial Disclosures Out of Time ("Motion to File Pretrial Disclosures Out of

Time") and Opposed Motion to Extend Deadline for Filing the Pretrial Order

("Motion to Extend Deadline for Filing the Pretrial Order") (collectively,

"Shoemaker Corp.'s Motions").  See Defs./Third-Party Pls.' Mot. Limine ("Mot.

Limine" or "Motion in Limine") (Doc. 102); Defs./Third-Party Pls.' Supp. Mot.

Limine ("Suppl. Mot. Limine" or "Supplemental Motion in Limine) (Doc. 167); Pl.

Shoemaker Corp. III Inc.'s Opp. Mot. File Pretrial Discs. Out Time ("Mot. File

Pretrial Discs. Out Time") (Doc. 172); Pl. Shoemaker Corp. III Inc.'s Opp. Mot.

Ext. Deadline File Pretrial Order ("Mot. Extend Deadline Pretrial Order") (Doc.

173).  The Court held a hearing on May 19, 2026.

    For the reasons that follow, the Garrett-Fellman Parties' Motions in Limine

are denied and Shoemaker Corp.'s Motions are granted.

## JURISDICTION

    The Court originally had federal question jurisdiction over this action

pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121(a), under 15

Case No. 4:19-cv-00145                                                          Page 3

U.S.C. §§ 1051 et seq. ("the Lanham Act").  The Court had supplemental

jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  On December

1, 2023, the Court issued an Opinion and Order granting summary judgment on

Plaintiff's claim arising under the Lanham Act in favor of the Garrett-Fellman

Parties.  See Opinion and Order (Dec. 1, 2023) (Doc. 124).  Consequently, only

state-law claims remain in this matter.

> 28 U.S.C. § 1367 states:
>
> (a) Except as provided in subsections (b) and (c) or as expressly
> provided otherwise by Federal Statute, in any civil action of which the
> district courts have original jurisdiction, the district courts shall have
> supplemental jurisdiction over all other claims that are so related to the
> claims in the action within such original jurisdiction that they form part
> of the same case or controversy under Article III of the United States
> Constitution.  Such supplemental jurisdiction shall include claims that
> involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  "The district courts may decline to exercise supplemental

jurisdiction over a claim under subsection (a) if . . . the district court has dismissed

all claims over which it has original jurisdiction[.]"  Id. §§ 1367(c), (c)(3).  "If at

any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded."  Id. § 1447(c).  "The remand order . . . is

not based on a 'lack of subject matter jurisdiction' for purposes of the bar to

appellate review created by §§ 1447(c) and (d)."  Carlsbad Tech., Inc. v. HIF Bio,

Inc., 556 U.S. 635, 641 (2009).

Supplemental jurisdiction "is a doctrine of discretion, not a plaintiff's right.

Its justification lies in considerations of judicial economy, convenience and fairness to litigants[.]" United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  Supplemental jurisdiction is an issue "which remains open throughout the litigation." Id. at 727.

In deciding whether to retain supplemental jurisdiction, the district court "must consider the 'nature and extent of pretrial proceedings, judicial economy, convenience, and fairness.'" Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma, 107 F.4th 1121, 1141 (10th Cir. 2024) (quoting Foxfield Villa Assocs., LLC v. Robben, 967 F.3d 1082, 1102–03 (10th Cir. 2020)).  Although a district court may dismiss supplemental state law claims after all federal claims have been dismissed, "it is appropriate, perhaps even advisable, for a district court to retain supplemented state claims after dismissing all federal questions when the parties have already expended a great deal of time and energy on the state law claims[.]" United States v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002) (citing Anglemyer v. Hamilton Cnty. Hosp., 58 F.3d 533, 541 (10th Cir. 1995).

Following the Court's Opinion and Order granting summary judgment on Plaintiff's claim arising under the Lanham Act in favor of the Garrett-Fellman Parties, see Opinion and Order, and Kevin Shoemaker's dismissal from this case due to his bankruptcy discharge, see Third-Party Defendant Kevin Shoemaker's

Case No. 4:19-cv-00145                                                    Page 5

Motion to Dismiss and Amend Case Caption (Doc. 157),[1] there remain five state

law claims and two state law counterclaims.  See Compl. (Doc. 2); First Am.

Countercl./Third-Party Pet. (Doc. 51).  At this stage of the litigation, the Court

concludes that the particular circumstances of this case do not weigh in favor of

dismissal and remand to state court.  This case is not in the early stages of

litigation.  While the Court acknowledges that the federal claim was dismissed

before trial, the Court cannot ignore the fact that discovery is complete, pretrial

proceedings are underway, and the scheduled trial is three months away.

The Court's broad discretion on whether to retain supplemental jurisdiction

over the state law claims is justified by the "considerations of judicial economy,

convenience and fairness to litigants," and the Court concludes that the unique

circumstances of this case merit the Court's continued exercise of supplemental

jurisdiction over the remaining state law claims.  See United Mine Workers of

Am., 383 U.S. at 726–727.

---

[1] Kevin Shoemaker was dismissed from this action on the grounds that claims against him have been discharged pursuant to 11 U.S.C. § 524(a).  See Order (Oct. 9, 2025) (Doc. 160).  The only counterclaim against Kevin Shoemaker was Count V, Appointment of Receiver and Imposition of Constructive Trust.  See First Am. Countercl./Third-Party Pet. (Doc. 51).

## DISCUSSION

**I.      Shoemaker Corp.'s Motion to File Pretrial Disclosures Out of Time and Motion to Extend Deadline of Pretrial Order**

Shoemaker Corp. requests that it be allowed to file Plaintiff's Pretrial Disclosures out of time.  Mot. File Pretrial Discs. Out Time.  Shoemaker Corp. also requests that the deadline to file Plaintiff's Pretrial Order be extended.  Mot. Extend Deadline Pretrial Order.  Defendants aver that Shoemaker Corp.'s Motions should be denied because Plaintiff's alleged violation of Federal Rule of Civil Procedure 26 was not "justified or harmless."  Defs. Third-Party Pls.' Comb. Resps. Objs. Pl. Third-Party Def.'s Mot. File Pretrial Discs. Out Time Ext. Deadline File Pretrial Order ("Defs.' Resp. Pl.'s Mots.") (Doc. 178).

Federal Rule of Civil Procedure 6(b)(1)(B) provides that a "court may, for good cause, extend time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partn., 507 U.S. 380, 392 (1993) (citations omitted). The factors relevant to an excusable-neglect decision include "the danger of prejudice to [the nonmoving party], the length of delay and its potential impact on

Case No. 4:19-cv-00145                                                    Page 7

judicial proceedings, the reason for the delay, including whether it was within the

reasonable control of the movant, and whether the movant acted in good faith."

Bishop v. Corsentino, 371 F.3d 1203, 1206 (10th Cir. 2004) (alteration in original)

(quotation and citation omitted).

Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to make initial

disclosures to the other parties:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category or location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A).  Rule 26(e) requires that:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>
>> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1).  If a party fails to provide information or identify a witness as required by Rules 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

The determination of whether a violation is justified or harmless "is entrusted to the broad discretion of the district court."  Neiberger v. FedEx Ground Pkg. Sys., 566 F.3d 1184, 1191–92 (10th Cir. 2009) (quotation omitted).  To make the determination, the court should be guided by the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.

("Woodworker's Supply"), 170 F.3d 985, 993 (10th Cir. 1999).

The Garrett-Fellman Parties argue that the Court should deny Shoemaker Corp.'s Motions based on the Woodworker's Supply factors. Defs.' Resp. Pl.'s Mots. at 9–14. The Garrett-Fellman Parties request that the Court impose sanctions on Plaintiff, including "[f]inding the self-executing sanction for failure to make a disclosure required by Rule 26(a) applies to Plaintiff by barring Plaintiff from calling witnesses and exhibits at trial, or in the alternative, striking all of Plaintiff's witnesses and exhibits on a future pretrial order[.]" Defs.' Resp. Pl.'s Mots. at 14. Shoemaker Corp. contends that it should be allowed to file its Pretrial Disclosures out of time under Rule 6. Mot. File Pretrial Discs. Out Time at 2–3.

In considering the factors outlined in Bishop and Woodworker's Supply concerning whether Shoemaker Corp.'s failure to file its pretrial disclosures by the specified deadline constituted excusable neglect and warrant sanctions, the Court observes that trial is three months away and Shoemaker Corp. filed its Motion to File Pretrial Disclosures Out of Time five days after the deadline, and if the Court allows Plaintiff to file its pretrial disclosures this week, it will be approximately three weeks late (after related briefing and a hearing). See Third Am. Sched. Order (Doc. 170); Mot. File Pretrial Discs. Out Time. The Court is not persuaded that the Garrett-Fellman Parties would suffer prejudice or surprise if the Court were to grant Plaintiff's Motion to File Pretrial Disclosures Out of Time because

Defendants have three months to review the disclosures and prepare any defenses before trial, and Plaintiff represented that there is no new information in the pretrial disclosures that was not previously provided during discovery. Plaintiff represented that the pretrial disclosures will identify a subset of evidence that was produced during discovery.

In addition, there is not evidence of bad faith or willfulness by Plaintiff's attorney Ms. Stanton. The Garrett-Fellman Parties contend that Shoemaker Corp. has exhibited a pattern of noncompliance with the Court's scheduling orders and argue that Plaintiff's conduct must be addressed to deter future conduct. Defs.' Resp. Pl.'s Mots. at 11–13. The Court notes that Shoemaker Corp.'s stated reason for its Motion to File Pretrial Disclosures Out of Time is that "[c]ounsel for Plaintiff has worked fastidiously to locate and denominate all of its intended trial exhibits" and has "encountered some obstacles Plaintiff's counsel has been working to surmount." Mot. File Pretrial Discs. Out Time at 3. Plaintiff's attorney has asked for previous deadlines to be extended in this case, sometimes filing the requests for extension of time on the same day as the deadlines, and in this instance, missing the deadline altogether and filing a request for an extension of time five days after the deadline. While the conduct of Plaintiff's attorney may be characterized as less than ideal for an attorney, the Court concludes that the conduct of Plaintiff's attorney has not resulted in a pattern that rises to the level of

"procrastination and willfulness" as advanced by Defendants.

The Court does not condone Plaintiff's attorney missing a court filing deadline and does not approve of Plaintiff's attorney failing to communicate effectively with opposing counsel to coordinate a joint filing with the Court. However, the Court concludes that Plaintiff's attorney did not act with sufficient bad faith or willfulness to justify the extreme sanction that Defendants request of excluding all of Plaintiff's evidence at trial.

Further, the Court is not convinced that allowing Plaintiff to file its pretrial disclosures out of time would disrupt the trial, which is three months away and thus would not be impacted by Plaintiff's delay in filing the pretrial disclosures a few weeks late. If Plaintiff files the late disclosure on May 22, 2026, this will be approximately three weeks after the court ordered deadline.

Accordingly, the Court finds that Shoemaker Corp. failed to file its pretrial disclosures because of excusable neglect under Fed. R. Civ. P. 6(b)(1)(B) and grants Shoemaker Corp.'s Motion to File Pretrial Disclosures Out of Time on or before May 22, 2026.

## II.  Motions In Limine

The Garrett-Fellman Parties seek an order *in limine* to limit or exclude evidence at trial as follows: (1) evidence regarding hearsay statements; (2) documents, exhibits, or witnesses not previously identified or listed in initial or

supplemental disclosures or witness and exhibit lists, or discovery; (3) punitive damages; (4) statements to the jury regarding the probable testimony of a witness who is absent, unavailable, or not called to testify; and (5) statements by fact witnesses offering opinion testimony.  See Mot. Limine; Suppl. Mot. Limine.

"'A motion *in limine* is a request for guidance by the court regarding an evidentiary question,' which the court may provide at its discretion to aid the parties in formulating trial strategy." Jones v. Stotts, 59 F.3d 143, 146 (10th Cir. 1995) (quoting United States v. Luce, 713 F.2d 1236, 1239 (6th Cir. 1983), aff'd, 468 U.S. 38 (1984).  "The purpose of the motion *in limine* is to aid the trial process by enabling the [c]ourt to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Delaney v. City of Tulsa Oklahoma, 766 F. Supp. 3d 1180, 1188 (N.D. Okla. 2025) (quoting Mendelsohn v. Sprint United Mgmt. Co., 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008), aff'd, 402 F. App'x 337 (10th Cir. 2010) (internal quotation marks omitted).  A motion *in limine* "may be granted or denied at the trial court's discretion." Scott v. City of Tulsa, Oklahoma, 797 F. Supp. 3d 1243, 1250 (N.D. Okla.) (citation omitted).  However, "[s]ince a trial court is always in a better position at the actual trial to assess the probative value of evidence, courts are reluctant to grant broad exclusions of evidence in limine." Cook v. Peters, No. 13-cv-107-GKF-FHM, 2015 WL 10986407, at *1

(N.D. Okla. July 30, 2015) (citation omitted). Generally, "a district court will only grant a motion *in limine* when the moving party carries the heavy 'burden of showing that the evidence in question is clearly inadmissible on all potential grounds.'" Scott, 797 F. Supp. 3d at 1250 (quoting Read v. Okla. Flintrock Prods., LLP, No. 21-cv-316-JFJ, 2022 WL 17820158, at *1 (N.D. Okla. Dec. 20, 2022)). "If the moving party fails to meet the burden, the better course is for a district court to defer evidentiary rulings until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." Id. (internal quotation and citations omitted).

### A.   Evidence Regarding Hearsay Statements and Statements to the Jury Regarding Probable Testimony of Witness

The Garrett-Fellman Parties seek an order *in limine* for seventy separate statements and/or testimony on the grounds that such statements and/or testimony constitute inadmissible hearsay under Fed. R. Evid. 801. See Mot. Limine at 3–11. Shoemaker Corp. argues that precluding the testimony as identified by the Garrett-Fellman Parties is premature, and contends that the Court should wait until either the form of the question or the response at trial demonstrates the testimony to be inadmissible for any purpose. See Pl./Third Party Def. Shoemaker Corp. III, Inc.'s Third Party Def. Kevin Shoemaker's Resp. Defs.'/Third-Party Pls.' Mot. Limine ("Pl.'s Resp. Br.") at 8–9 (Doc. 107). The Garrett-Fellman Parties also seek an order *in limine* under Federal Rule of Evidence 801 prohibiting Shoemaker Corp.

from introducing hearsay testimony imputed to witnesses who are not present at trial to testify, for the reason that Shoemaker Corp. either failed to list them as witnesses or did not call the witness to testify directly. Mot. Limine at 13–19. The Garrett-Fellman Parties contend that allowing either party to make prejudicial comments about the possible testimony of an absent witness would be unfairly prejudicial. Id. at 13. Shoemaker Corp. argues that until it fails to lay a proper foundation regarding the issues identified by the Garrett-Fellman Parties in Section V of the Motion in Limine, any rulings on the admissibility of these matters, prior to the time they are presented at trial, would be premature. Pl.'s Resp. Br. at 13. The Garrett-Fellman Parties aver that Shoemaker Corp. has failed to include testimony or other evidence in its Witness and Exhibit List and thus should be excluded. Defs./Third-Party Pls.' Reply Pl./Third Party Defs.' Resp. Mot. Limine ("Defs.' Reply Br.") at 5–6 (Doc. 108).

Hearsay is "an out-of-court statement 'offer[ed] in evidence to prove the truth of the matter asserted in the statement.'" United States v. Lozado, 776 F.3d 1119, 1121 (10th Cir. 2015) (alteration in original) (quoting Fed. R. Evid. 801(c)). Hearsay "is generally inadmissible as evidence because it is considered unreliable." Id. (citing Williamson v. United States, 512 U.S. 594, 598 (1994)). But a statement that is otherwise hearsay may be offered for a permissible purpose. See, e.g., United States v. Caraway, 534 F.3d 1290, 1299 (10th Cir. 2008)

(explaining that a statement "admitted for impeachment purposes . . is not hearsay."); <u>Faulkner v. Super Valu Stores, Inc.</u>, 3 F.3d 1419, 1434 (10th Cir. 1993) ("Statements offered for the effect on the listener . . . are generally not hearsay."); <u>Creaghe v. Iowa Home Mut. Cas. Co.</u>, 323 F.2d 981, 984 (10th Cir. 1963) (not hearsay when offered "to prove only that a statement was made and not the truth of the statement.").

The Garrett-Fellman Parties contend that the seventy statements they seek to exclude cannot be cured by laying a proper foundation or altering the context and aver that the statements are "classic hearsay."  Defs.' Reply Br. at 2.  The Court concludes that the Garrett-Fellman Parties, as the moving party, failed to meet the burden of showing that all seventy statements are hearsay.  Further, the Court concludes that the Garrett-Fellman Parties failed to meet their burden to show that all forty-one statements to the jury are hearsay regarding the probable testimony of a witness who is absent, unavailable, or not called to testify.  Trial is the better course of action for ruling on the admissibility of the seventy statements so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context.  <u>See</u> <u>Malinski v. BNSF Railway Co.</u>, No. 15-cv-502-JED-FHM, 2017 WL 1278671, at *1 (N.D. Okla. Mar. 31, 2017).  At this pretrial stage, the Court cannot properly evaluate whether each of the seventy statements are inadmissible for any purpose, as well as the forty-one statements identified by the

Garrett-Felman Parties.  The Court notes that the Garrett-Fellman Parties are seeking an order *in limine* to exclude a total of one-hundred and one statements, and this Court is reluctant to grant such a broad exclusion of evidence *in limine*. See Cook, 2015 WL 10986407, at *1 ("[S]ince a trial court is always in a better position at the actual trial to assess the probative value of evidence, courts are reluctant to grant broad exclusions of evidence in limine.").  Accordingly, the Court denies the Garrett-Fellman Parties' Motion in Limine as it relates to evidence regarding hearsay statements and as it relates to statements to the jury regarding the probable testimony of a witness who is absent, unavailable, or not called to testify.

### B.    Documents, Exhibits, or Witnesses Not Previously Identified

The Garrett-Fellman Parties seek an order *in limine* to prohibit Shoemaker Corp. from calling witnesses and introducing documents or exhibits not previously identified or listed in Shoemaker Corp.'s Witness and Exhibit Lists.  Mot. Limine at 11–12.  Shoemaker Corp. argues that its initial disclosures and preliminary witness and exhibit list are preliminary and are subject to modification as discovery reveals and defines relevant witnesses and exhibits.  Pl.'s Resp. Br. at 9–10.  Shoemaker Corp. contends that the pretrial order supersedes all pleadings and motions and serves as the blueprint for trial as to the claims and issues to be tried, as well as the witnesses and exhibits that have been approved for presentation at

trial.  Id. at 10–11.  The Garrett-Fellman Parties aver that they would suffer extreme prejudice if Shoemaker Corp. is permitted to call witnesses at trial without previously identifying them.  Defs.' Reply Br. at 3–5.

The Court's analysis is guided by the same legal standard and Woodworker's Supply factors as discussed above.

The Garrett-Fellman Parties argue that they would suffer extreme prejudice if Shoemaker Corp. were permitted to "call as many as 50 witnesses at trial without previously identifying them and allowing the Garrett-Fellman Parties the opportunity to depose them."  Defs.' Reply Br. at 4.  However, the Garrett-Fellman Parties have not pointed to any witnesses or exhibits they expect Shoemaker Corp. to introduce that were not previously identified or listed in Shoemaker Corp.'s Witness and Exhibit Lists.  The Court agrees with Shoemaker Corp. that the Garrett-Fellman Parties will have the opportunity to object to any witnesses or exhibits in the Pretrial Order that were not previously provided during discovery. The Court observes that the Parties will have sufficient time from the filing of the Pretrial Order to object to any witnesses or exhibits, and introduction of the witnesses and exhibits would not disrupt trial.  Accordingly, the Court denies the Garrett-Fellman Parties' Motion in Limine as it relates to prohibiting Shoemaker Corp. from calling witnesses and introducing documents or exhibits not previously identified or listed in Shoemaker Corp.'s Witness and Exhibit Lists.

### C.      Punitive Damages

The Garrett-Fellman Parties seek an order *in limine* excluding all evidence related to punitive damages until the Court determines it should be presented to the jury.  Mot. Limine at 12–13.  Shoemaker Corp. contends that it has an obligation to present sufficient evidence of the Garrett-Fellman Parties' mental state to prompt the Court to instruct the jury regarding the applicability of such relief.  Pl.'s Resp. Br. at 12.  Shoemaker Corp. argues that the exclusion sought by the Garrett-Fellman Parties would preclude Shoemaker Corp. from introducing relevant evidence that would tend to prove the Garrett-Fellman Parties acted with sufficient malice or ill-will to support an instruction from the Court to the jury on the availability of punitive damages.  Id.  The Garrett-Fellman Parties aver that the Parties are in substantial agreement as to the scope of permissible evidence concerning punitive damages.  Defs.' Reply Br. at 5.  Accordingly, the Garrett-Fellman Parties' Motion in Limine as it relates to punitive damages is denied, and punitive damages will be introduced only after the Court has decided whether there is sufficient evidence to instruct the jury as to such damages.

### D.      Statements by Fact Witnesses Offering Opinion Testimony

The Garrett-Fellman Parties seek an order *in limine* to exclude lay witness opinions under Federal Rule of Evidence 701 because the witnesses have not been designated as experts.  Mot. Limine at 19–22.  In their Supplemental Motion in

Limine, the Garrett-Fellman Parties argue that "[u]pon information and belief, [Shoemaker Corp.] may attempt to call alternative lay witnesses or Kevin Shoemaker who are not qualified as experts within the scope of Fed. R. Evid. 702 to testify regarding alleged damages." Suppl. Mot. Limine at 3. Shoemaker Corp. argues that the segments of deposition testimony singled out by the Garrett-Fellman Parties are without context, and the admissibility of what the witnesses offer cannot be ascertained until specific questions are asked at trial. Pl.'s Resp. Br. at 13–14. Shoemaker Corp. contends that "business owners and corporate officers may testify regarding their company's financial condition and losses based on personal knowledge and review of business records." Pl.'s Resp. Defs./Third-Party Pls.' Suppl. Mot. Limine ("Pl.'s Resp. Br. Suppl. Mot. Limine") at 3–5 (Doc. 168) (citing LifeWise Master Funding v. Telebank, 374 F.3d 917, 929–30 (10th Cir. 2004); James River Ins. Co. v. Rapid Funding, LLC, 658 F.3d 1207, 1214–15 (10th Cir. 2011)). The Garrett-Fellman Parties aver that the testimony they seek to exclude falls outside the scope of permissible lay opinion testimony under Federal Rule of Evidence 701, and that Kevin Shoemaker lacks any experience, credentials, or education in the industry relating to the business purchased from the Garrett-Fellman Parties. Defs.' Reply Br, at 6–7; Defs./Third-Party Pls.' Reply Br. Supp. Suppl. Mot. Limine ("Defs.' Reply Br. Suppl. Mot. Limine") at 2–4 (Doc. 169).

Under Federal Rule of Evidence 701, a lay witness may provide opinion testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Accordingly, "Rule 701 'does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness.'" James River Ins. Co., 658 F.3d at 1214 (quoting Randolph v. Collectramatic, Inc., 590 F.2d 844, 846 (10th Cir. 1979)). It is clear that "[k]nowledge derived from previous professional experience falls squarely within the scope of Rule 702 and thus by definition outside of Rule 701." Id. at 1215 (characterizing testimony which was "based in part on a [lay witness'] professional experience in real estate" as improper expert testimony) (quoting United States v. Smith, 640 F.3d 358, 365 (D.C. Cir. 2011)).

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that is more likely than not that:
>
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>> (b) the testimony is based on sufficient facts or data;
>> (c) the testimony is the product of reliable principles and

> methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Rule 702 imposes on the trial court an important gate-keeping obligation, "to 'ensure that any and all [expert] testimony . . . is not only relevant, but reliable.'"  Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999) (quoting Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993)).  Thus, "the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'"  Kumho Tire Co., Ltd., 526 U.S. at 149 (quoting Daubert, 509 U.S. at 592) (alteration in original).  To determine whether an expert's opinion is admissible, the district court must generally undertake a two-step analysis: first, to determine "whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion," and second, to determine "whether the expert's opinion is reliable by assessing the underlying reasoning and methodology[.]"  Mathis v. Huff & Puff Trucking, Inc., 787 F.3d 1297, 1307 (10th Cir. 2015) (internal quotations omitted).

Shoemaker Corp. contends that a "business owner may testify under Federal Rule of Evidence 701 regarding lost revenues, financial performance, and the economic impact of specific contracts based on personal knowledge and company records."  Pl.'s Resp. Br. Suppl. Mot. Limine at 3.  Shoemaker Corp. asserts that it does not oppose "reasonable limits preventing speculative projections or

specialized economic analysis, but Rule 701 plainly permits testimony regarding historical revenue and financial impact derived from identifiable contracts and company records." Id. at 5. The Garrett-Fellman Parties aver that the anticipated testimony includes loss of revenues and profits, lost opportunities, loss of goodwill, loss of business reputation, and loss of monies spent to counteract or mitigate the harm caused. Defs.' Reply Br. Suppl. Mot. Limine at 3. Shoemaker Corp. alleges that the anticipated testimony will be based on personal involvement in the transaction at issue, direct knowledge of customer relationships, company financial records, and actual revenue generated from specific contracts. Pl.'s Resp. Br. Suppl. Mot. Limine at 5.

The Court of Appeals for the Tenth Circuit has recognized that business owners and corporate officers may testify regarding their company's financial condition and losses based on personal knowledge and review of business records, so long as the testimony relies on straightforward calculations and does not involve complex economic models. See LifeWise Master Funding, 374 F.3d at 929–30 (stating that a business owner could have given a straightforward opinion as to lost profits using conventional methods based on actual operating history); James River Ins. Co. v. Rapid Funding, LLC, 658 F.3d 1207, 1214–15 (10th Cir. 2011) (stating that the testimony went beyond applying basic mathematics). The Court will allow Kevin Shoemaker to testify about his personal experience as a business owner, and

relevant business documents if Plaintiff is able to lay a proper foundation for any such records.

Plaintiff bears the burden of proof as to damages, and it is premature at this pretrial stage for the Court to limit and exclude the expected testimony relating to statements by a lay witness as to damages. Plaintiff's lay witnesses may testify about their personal experiences with the relevant business. However, if the Court were to find that the testimony crosses into being speculative and/or entails specialized economic analysis and methodologies more appropriate for an expert, or if Plaintiff attempts to offer a lay witness as an expert under Rule 702, the Court will consider the testimony and will exclude any improper testimony. The Court denies the Garrett-Fellman Parties' Motion in Limine as premature.

### CONCLUSION

Accordingly, the Garrett-Fellman Parties' Motions in Limine (Docs. 102, 167) are denied, and Shoemaker Corp.'s Motions (Docs. 172, 173) are granted. Shoemaker Corp. shall file its Pretrial Disclosures and Pretrial Order on or before May 22, 2026.

IT IS SO ORDERED this 20th day of May, 2026.

/s/ Jennifer Choe-Groves<br>
Jennifer Choe-Groves<br>
U.S. District Court Judge*

---

*Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation