# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

SHOEMAKER CORPORATION III, INC.,

    Plaintiff/Third-Party Defendant,

v.

M. JEROME GARRETT and JOSHUA S. FELLMAN,

    Defendants/Third-Party Plaintiffs,

and

DAVINCI MSP, INC. and GARRETT AND FELLMAN OPERATING, LLC,

    Third-Party Plaintiffs.

Case No. 4:19-cv-00145-JCG-CDL

[Granting Defendants' Motion to Strike.]

Dated:  June 30, 2026

Destyn D. Stanton and David R. Keesling, Solomon Arieh, of Tulsa, OK. Attorneys for Plaintiff/Third-Party Defendant Shoemaker Corporation III, Inc.

Michael J. King, and Spencer C. Pittman, Winters & King, Inc., of Tulsa, OK. Attorneys for Defendants/Third-Party Plaintiffs M. Jerome Garrett, Joshua S. Fellman, and Third-Party Plaintiffs DaVinci MSP, Inc. and Garrett and Fellman Operating, LLC.

Case No. 4:19-cv-00145                                                Page 2

## OPINION AND ORDER

Before the Court are Defendants/Third-Party Plaintiffs' Motion to Strike Previously Undisclosed Fact and Expert Witnesses and Exhibits from Plaintiff's Pretrial Disclosures and Proposed Pretrial Order ("Motion to Strike") filed by Defendants M. Jerome Garrett and Joshua S. Fellman, and Third-Party Plaintiffs DaVinci MSP, Inc. and Fellman Operating, LLC (collectively, "the Garrett-Fellman Parties" or "Defendants") against Plaintiff/Third Party Defendant Shoemaker Corporation III, Inc. ("Plaintiff" or "Shoemaker Corp."), and Defendants/Third-Party Plaintiffs' Unopposed Application for Extension of Time to File Trial Brief.  See Defs./Third-Party Pls.' Mot. Strike Previously Undisclosed Fact Expert Witnesses Exs. Pretrial Discs. Prop. Pretrial Order ("Mot. Strike") (Doc. 183); Defs./Third-Party Pls.' Unopposed App. Ext. Time File Trial Br. (Doc. 189).

The Court previously granted Plaintiff/Third Party Defendant Shoemaker Corporation III, Inc.'s Opposed Motion to File Pretrial Disclosures Out of Time ("Motion to File Pretrial Disclosures Out of Time") and Opposed Motion to Extend Deadline for Filing the Pretrial Order ("Motion to Extend Deadline for Filing the Pretrial Order") and denied Defendants/Third-Party Plaintiffs' Motion in Limine and Supplemental Motion in Limine (collectively, "Motions in Limine"). Opinion and Order (May 20, 2026) (Doc. 180); see Pl. Shoemaker Corp. III Inc.'s

Opp. Mot. File Pretrial Discs. Out Time (Doc. 172); Pl. Shoemaker Corp. III Inc.'s Opp. Mot. Ext. Deadline File Pretrial Order (Doc. 173); Defs./Third-Party Pls.' Mot. Limine (Doc. 102); Defs./Third-Party Pls.' Supp. Mot. Limine (Doc. 167).

For the reasons that follow, the Garrett-Fellman Parties' Motion to Strike is granted.

## JURISDICTION

The Court originally had federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121(a) arising under 15 U.S.C. §§ 1051 et seq. ("the Lanham Act"). On December 1, 2023, the Court granted summary judgment on Plaintiff's claim arising under the Lanham Act in favor of the Garrett-Fellman Parties. See Opinion and Order (Dec. 1, 2023) (Doc. 124). The Court retains supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## DISCUSSION

I.    **The Garrett-Fellman Parties' Motion to Strike Previously Undisclosed Fact and Expert Witnesses and Exhibits**

The Garrett Fellman Parties request that the Court strike newly disclosed witnesses and exhibits from Plaintiff's Pretrial Disclosures and Pretrial Order. Mot. Strike at 2–20; see Pl. Shoemaker Corp. III Inc.'s Pretrial Disclosures (Doc. 181); Pretrial Order (Doc. 182). In the alternative, the Garrett-Fellman Parties request that the trial be continued and that leave should be granted to conduct

Case No. 4:19-cv-00145                                                          Page 4

discovery regarding the undisclosed witnesses and exhibits.  Mot. Strike at 2, 20–21.

Shoemaker Corp. argues that Defendants' Motion to Strike should be denied.  Pl. Shoemaker Corp. III Inc.'s Resp. Opp'n Defs.' Mot. Strike Previously "Undisclosed" Fact Expert Witnesses Exs. Pl.'s Pretrial Discls. Prop. Pretrial Order ("Pl.'s Resp. Br.") (Doc. 184).  Shoemaker Corp. contends that the sanctions sought by Defendants are extreme and avers that the proper remedy should be narrowly tailored rather than completely striking the witnesses and exhibits.  Id. at 22.

**A.    Legal Standard**

Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to make initial disclosures to the other parties:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> > (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> >
> > (ii) a copy—or a description by category or location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A).  Rule 26(e) requires that:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> > (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> >
> > (B) as ordered by the court.

Id. at Rule 26(e)(1).  If a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence" unless the failure was "substantially justified or is harmless."  Id. at Rule 37(c)(1).  The advisory committee notes to Rule 37 describe Rule 37(c)(1) as being a "self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion[.]"  Fed. R. Civ. P. 37 Advisory Committee's Note.

The determination of whether a violation is justified or harmless "is entrusted to the broad discretion of the district court." Neiberger v. FedEx Ground Pkg. Sys. Inc., 566 F.3d 1184, 1191–92 (10th Cir. 2009) (quotation omitted).  To make the determination, the Court should be guided by the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co. ("Woodworker's Supply"), 170 F.3d 985, 993 (10th Cir. 1999).

### B.    **Woodworker's Supply Factors**

The Garrett-Fellman Parties argue that the Court should grant their Motion to Strike based on the Woodworker's Supply factors.  Mot. Strike at 8–20.  The Garrett-Fellman Parties request that the Court strike the eight undisclosed witnesses and exhibits from Shoemaker Corp.'s Pretrial Disclosures and Pretrial Order, and requests further that the Court enter "appropriate relief to deter any further disregard of [Federal Rule of Civil Procedure 26] and [for Plaintiff's] representations made to the Court, including but not limited to reimbursement of the [Garrett-Fellman Parties'] attorneys' fees and costs/expenses." Id. at 20.

Plaintiff contends that the witnesses and exhibits identified by the Garrett-Fellman Parties were disclosed or otherwise made known during discovery and

Case No. 4:19-cv-00145                                                     Page 7

that the Woodworker's Supply factors do not favor striking the witnesses and

exhibits identified by the Garrett-Fellman Parties.  Pl.'s Resp. Br. at 8–18.

Plaintiff requests that the Court deny Defendants' Motion to Strike or, in the

alternative, "employ only a targeted curative measure that preserves the August

2026 trial setting and avoids an unnecessary merits-distorting exclusion."  Id. at 23.

The Court previously granted Shoemaker Corp.'s Motion to File Pretrial

Disclosures Out of Time and Motion to Extend Deadline for Filing the Pretrial

Order after considering the factors outlined in Woodworker's Supply.  See Opinion

and Order (May 20, 2026).  The Court was not persuaded that the Garrett-Fellman

Parties would suffer prejudice or surprise if the Court were to grant Plaintiff's

Motion to File Pretrial Disclosures Out of Time because Defendants had three

months to review the disclosures and prepare any defenses before trial, and

Plaintiff represented that there was no new information in the Pretrial Disclosures

that was not previously provided during discovery.  See id.  Further, Plaintiff

represented that the Pretrial Disclosures would identify a subset of evidence that

was produced during discovery.  See id.  The Court was also not convinced that

allowing Plaintiff to file its Pretrial Disclosures out of time would disrupt the trial

because trial was still three months away and would not be impacted by Plaintiff's

delay in filing the Pretrial Disclosures a few weeks late.  See id.  Lastly, the Court

did not find any evidence of bad faith or willfulness by Plaintiff's attorney.  See id.

This Court noted that although the conduct of Plaintiff's attorney may be characterized as less than ideal for an attorney, the conduct of Plaintiff's attorney had not resulted in a pattern that showed significant procrastination and willfulness as alleged by Defendants. Id.

The Court notes that Shoemaker Corp.'s Pretrial Disclosures and Pretrial Order disclosed the identities of eight additional witnesses who had not been previously disclosed: (1) Larry Curtis; (2) Krystal Hanks; (3) Ricky Hanks; (4) Tricia Booher; (5) Tom Culver; (6) Dave Myers; (7) Leah Wietholter; and (8) Daren Lauer (collectively, "Undisclosed Witnesses").[1] Defs.' Br. at 2–3; see Pl. Shoemaker Corp. III Inc.'s Pretrial Disclosures; Pretrial Order. Defendants also argue that Exhibit 17 (TSC_0000073-TCS_0000077) and Exhibit 18 (YCS_0000078-TSC_0000084) (collectively, "Undisclosed Expert Memoranda"), described as "Memorandum from Lieh Wietholter," are "documents that were never produced to the [Garrett-Fellman Parties] in this matter or listed on [Shoemaker Corp.'s] initial disclosures or witness and exhibit list." Defs.' Br. at 3–4.

In their Motion to Strike, Defendants argue that they did not have an

---

[1] The Garrett-Fellman Parties also listed Richard Schmidt in their previous disclosures and do not take issue with this witness. See Defs.' Br. at 3 n.3. Accordingly, "Undisclosed Witnesses" omits Richard Schmidt from the list of new witnesses being contested by the Garrett-Fellman Parties.

"opportunity to investigate the Undisclosed Witnesses or the Undisclosed Expert Memoranda during discovery, obtain documents from them, issue subpoenas related to their knowledge, test their claim relevance, depose them, evaluate impeachment material, obtain rebuttal testimony, or assess how their anticipated testimony affected trial strategy or dispositive motion practice."  Defs.' Br. at 9. Specifically, Defendants object to the naming of Ms. Wietholter as an expert witness because Shoemaker Corp. "previously shielded [her] from the discovery process by claiming her testimony was privileged as a consulting expert only[.]" Id.  Defendants also contend that the intended use of the Undisclosed Expert Memoranda was previously withheld as privileged.  Id.

Shoemaker Corp. argues that the identity of Leah Wietholter was previously identified as an investigative witness disclosed in April 2018 and was covered by Plaintiff's privilege log.  Pl.'s Resp. Br. at 10.  Shoemaker Corp. avers that Ms. Wietholter's memoranda were disclosed in April 2018 and covered by Plaintiff's privilege log as well.  Id.  Shoemaker Corp. contends further that Leah Wietholter is not an expert, that her memoranda are not expert testimony, and that her trial testimony will be "limited to what she did, what she reviewed, what she observed, why she undertook the investigation, and the factual findings she personally made."  Id. at 11.  As to Larry Custis, Shoemaker Corp. avers that his testimony is no surprise to the Garrett-Fellman Parties and that his testimony concerns the same

transaction, business relationship, entity records, and set of interactions at issue in this litigation.  Id. at 14.  For the other remaining witnesses identified by the Garrett-Fellman Parties, Plaintiff maintains that the witnesses were "otherwise made known" and that several are tied directly to the companies and service issues that have been at issue in this litigation.  Id. at 15.

For the first Woodworker's Supply factor, the "prejudice or surprise" to the Garrett-Fellman Parties, the Court holds that the Garrett-Fellman Parties would suffer prejudice due to the late disclosure of the Undisclosed Witnesses and Undisclosed Expert Memoranda.  The Garrett-Fellman Parties were unaware of the Undisclosed Witnesses and the Undisclosed Expert Memoranda during discovery. The Garrett-Fellman Parties could not obtain documents from the Undisclosed Witnesses or issue subpoenas related to their knowledge, could not test the Undisclosed Witnesses' claim relevance nor depose them and evaluate impeachment material, could not obtain rebuttal testimony, and could not assess how the Undisclosed Witnesses' anticipated testimony affected the Garrett-Fellman Parties' trial strategy.  Shoemaker Corp.'s arguments to the contrary are unpersuasive.  Federal Rule of Civil Procedure 26(e) requires a party to "supplement or correct its disclosure response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been

made known to the other parties during the discovery process or in writing[.]"

Fed. R. Civ. P. 26(e). Shoemaker Corp. filed its Initial Disclosures on July 31,

2019, and its Witnesses and Exhibits List on March 2, 2020. See Mot. Strike at

Ex. A (Doc. 183-1); Ex. B (Doc. 183-2). Shoemaker Corp.'s Initial Disclosures

and Witnesses and Exhibits did not identify the Undisclosed Witnesses or the

Undisclosed Expert Memoranda, and Shoemaker Corp. never supplemented its

disclosures following the reopening of discovery in this matter. See Order (May

17, 2024) (Doc. 142).

As to the second Woodworker's Supply factor, Shoemaker Corp.'s "ability

to cure the prejudice," the Court holds that Shoemaker Corp. is unable to cure the

prejudice because discovery has closed and trial is now less than two months away.

Without reopening discovery into the Undisclosed Witnesses and Undisclosed

Expert Memoranda, something this Court is not inclined to do, Shoemaker Corp.

will not be able to cure the prejudice that the Garrett-Fellman Parties suffer as a

result of these late disclosures. Additionally, reopening discovery would

substantially delay and disrupt the trial in this matter and alter trial preparation and

progression of this case. Shoemaker Corp. states that the proper remedy is for the

Court to "require a brief deposition limited" to the Undisclosed Witnesses, "require

a pretrial proffer" as to the scope of testimony, and "resolve any privilege issue as

to the memoranda through exhibit-specific objections, redaction, or in camera

review." Pl.'s Resp. Br. at 22. The Court is not inclined to grant the requested remedies sought by Shoemaker Corp. when trial is less than two months away. Therefore, in evaluating the third Woodworker's Supply factor, "the extent to which introducing such testimony would disrupt the trial," the Court holds that introducing the Undisclosed Witnesses and Undisclosed Expert Memoranda at this stage in the litigation would substantially disrupt and delay trial.

For the last Woodworker's Supply factor, Shoemaker Corp.'s "bad faith or willfulness," the Court holds that bad faith and willfulness can be inferred from the timing and circumstances of Shoemaker Corp.'s filings and its representations to the Court. In Shoemaker Corp.'s Motion to File Pretrial Disclosures Out of Time and Motion to Extend Deadline for Filing the Pretrial Order, which the Court granted, Plaintiff's counsel represented to the Court that there is no new information in the Pretrial Disclosures that was not previously provided during discovery and that the Pretrial Disclosures would identify a subset of evidence that was produced during discovery. See Opinion and Order (May 20, 2026). Shoemaker Corp. contends that the broader scope of its Pretrial Disclosures and Pretrial Order "is an ordinary litigation development" in a case when discovery was reopened. Pl.'s Br. at 18. However, as noted earlier, Shoemaker Corp. had an opportunity to supplement its Initial Disclosures and Witnesses and Exhibits List pursuant to Federal Rule of Civil Procedure 26(e) following the reopening of

discovery.  Shoemaker Corp.'s Pretrial Disclosures and Pretrial Order contain the Undisclosed Witnesses and evidence that was not produced during discovery in the form of the Undisclosed Expert Memoranda.  The Undisclosed Witnesses and the Undisclosed Expert Memoranda were not previously disclosed in Shoemaker Corp.'s Initial Disclosures and Witnesses and Exhibits List.  It is apparent to the Court that Shoemaker Corp. made no effort to supplement its Initial Disclosures and its Witnesses and Exhibits List after the Court reopened discovery in May 2024.  The Court is not persuaded by Shoemaker Corp.'s arguments that its failure to disclose the Undisclosed Witnesses and Undisclosed Expert Memoranda was "substantially justified or harmless" under Federal Rule of Civil Procedure 37(c)(1).

Accordingly, the Court holds that Shoemaker Corp.'s conduct violated Federal Rule of Civil Procedure 26(a)(1)(A) in failing to disclose the Undisclosed Witnesses and Undisclosed Expert Memoranda, and Federal Rule of Civil Procedure 26(e)(1) in failing to supplement its disclosures.  See Fed. R. Civ. P. 26(a)(1)(A), (e)(1).  Because Shoemaker Corp. "fail[ed] to provide information or identify a witness as required by Rule 26(a) or (e)," Shoemaker Corp. is barred from using the Undisclosed Witnesses and Undisclosed Expert Memoranda at trial. Id. at Rule 37(c)(1).  The Court grants Defendants' Motion to Strike the Undisclosed Witnesses and Undisclosed Expert Memoranda.

## II.    Additional Sanctions Under Federal Rule of Civil Procedure 37(c)(1)

The Garrett-Fellman Parties request that the Court "enter appropriate relief to deter any further disregard of [Federal Rule of Civil Procedure 26] and [for Plaintiff's] representations made to the Court, including but not limited to reimbursement of the [Garrett-Fellman Parties'] attorneys' fees and costs/expenses." Defs.' Br. at 20. Plaintiff does not specifically contest the Garrett-Fellman Parties' request for reimbursement of the attorneys' fees and cost/expenses but contends that the Motion to Strike should be denied in full. Pl.'s Resp. Br. at 23.

In addition to holding that Shoemaker Corp. is prevented from using at trial the Undisclosed Witnesses and Undisclosed Expert Memoranda pursuant to Federal Rule of Civil Procedure 26(a) and 37(c)(1), the Court may: (1) "order payment of the reasonable expenses, including attorney's fees, caused by the failure;" (2) "inform the jury of the party's failure;" and (3) "impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Id. at Rule 37(c)(1)(C). The orders provided in Rule 37(b)(2)(A)(i)–(vi) include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Id. at Rule 37(b)(2)(A)(i)–(iv).

Shoemaker Corp.'s failure to supplement pursuant to Federal Rule of Civil Procedure 26(e) and failure to disclose the Undisclosed Witnesses and Undisclosed Expert Memoranda have resulted in additional briefing in the form of the Garrett-Fellman Parties' Motions in Limine and Motion to Strike.  In denying the Garrett-Fellman Parties' Motions in Limine and granting Shoemaker Corp.'s Motion to File Pretrial Disclosures Out of Time and Motion to Extend Deadline for Filing the Pretrial Order, Plaintiff's counsel represented to the Court that there was no new information in the Pretrial Disclosures that was not previously provided during discovery, and that the Pretrial Disclosures would identify a subset of evidence that was produced during discovery.  See Opinion and Order (May 20, 2026).  Because Plaintiff's late disclosures were contrary to the representations made to the Court, the Court grants Defendants' request for attorneys' fees and costs/expenses related to the production of the Undisclosed Witnesses and Undisclosed Expert Memoranda.

**CONCLUSION**

Accordingly, the Garrett-Fellman Parties' Motion to Strike (Doc. 183) is

granted; and it is further

**ORDERED** that Shoemaker Corp. is prohibited from using the Undisclosed Witnesses and the Undisclosed Expert Memoranda at trial; and it is further

**ORDERED** that Shoemaker Corp. shall reimburse the Garrett-Fellman Parties' attorneys' fees and costs/expenses associated with bringing the Motion to Strike; and it is further

**ORDERED** that Defendants/Third-Party Plaintiffs' Unopposed Application for Extension of Time to File Trial Brief (Doc. 189) is granted; and it is further

**ORDERED** that the Parties shall file their trial briefs no later than seven days after the Court has entered the Final Pretrial Order.

IT IS SO ORDERED this 30th day of June, 2026.

   /s/ Jennifer Choe-Groves   
Jennifer Choe-Groves
U.S. District Court Judge*

_____

*Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.